IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CT-03159-M-RJ

KEVIN OWEN BURRESS, )
 )
        Plaintiff, )
 )
v. ) ORDER
 )
UNITED STATES BUREAU OF PRISONS, )
et al., )
 )
        Defendants. )

On July 25, 2025, Kevin Owen Burress ("plaintiff"), a civil detainee at F.M.C. Butner, filed *pro se* a complaint premised on alleged violations of the Religious Freedom Restoration Act of 1993 ("RFRA"), 42 U.S.C. §§ 2000bb, et seq. [D.E. 1]. Plaintiff later filed motions for service, Mot. [D.E. 5], for a preliminary injunction, Mot. [D.E. 6], to proceed without prepayment of fees, Mot. [D.E. 7], to proceed to trial, Mot. [D.E. 15], and for expedited review and a temporary restraining order ("TRO"), Mot. [D.E. 16]. Plaintiff also filed the operative complaint, which also is premised on alleged RFRA violations, see Compl. [D.E. 8], and declarations in support.

Pursuant to 28 U.S.C. § 1915, the court now conducts its initial review of the operative complaint and, for the following reasons, allows the action to proceed.

Legal Standard:

When reviewing applications for leave to proceed *in forma pauperis*, the court "shall dismiss" any case that is "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A frivolous case "lacks an arguable basis either in law or in fact."

Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of the pleading is flexible, and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677–84 (2009).

Discussion:

Plaintiff generally alleges RFRA violations at F.C.I. Butner from September 24, 2024, to the present, and names as defendants Captain Deutsch, Lieutenant Garrity, Acting Warden Lott, Unit Manager Moll, and the United States Bureau of Prisons ("BOP"). Compl. [D.E. 8] at 3–5.

Plaintiff specifically alleges that: plaintiff "has a spiritual gift of computer science" and "it is a perversion of the Holy Spirit not to use it actively every day for God"; plaintiff is called to serve God through the computer and internet; by "substantially burdening [plaintiff's] religious exercise of computer science," defendants have ignored plaintiff's requests to "have a station in God's Army"; and defendants' refusal to allow plaintiff a computer with internet access substantially burdens plaintiff's religious exercise. See id. at 5–7.

Plaintiff seeks, *inter alia*, injunctive and declaratory relief. See id. at 8.

2

Plaintiff's RFRA claims are not clearly frivolous. 42 U.S.C. § 2000bb, et seq.; see Burwell v. Hobby Lobby Stores, Inc., 573 U.S. 682, 693–96 (2014) (discussing the RFRA).

Turning to plaintiff's pending motions, the court first DENIES the premature motions for service [D.E. 5] and to proceed to trial [D.E. 15].

Next, because plaintiff later paid the filing fee, the court DENIES AS MOOT the motion to proceed without prepayment of fees [D.E. 7]. The court also DENIES AS MOOT that part of plaintiff's motion that seeks expedited review [D.E. 16].

Next, the court turns to plaintiff's motions seeking preliminary injunctive relief and a TRO. See [D.E. 6, 16] (asking the court to order defendants to allow plaintiff a laptop computer with internet access, and generally arguing that plaintiff "has no intention of conducting criminal activity" and will suffer irreparable harm to religious exercise without this requested relief).

Courts issue injunctive relief regarding prison management only in extraordinary circumstances. See Taylor v. Freeman, 34 F.3d 266, 268–69 (4th Cir. 1994). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see also U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006) (applying same standards for a TRO and a preliminary injunction). The Supreme Court has rejected the "standard that allowed the plaintiff to demonstrate only a 'possibility' of irreparable harm because that standard was inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Real Truth About Obama, Inc. v. FEC,

3

575 F.3d 342, 346 (4th Cir. 2009) (quotation omitted), vacated on other grounds, 559 U.S. 1089 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Succinctly stated, plaintiff's instant motions neither constitute a "clear showing" of entitlement to the requested injunctive relief, cf. Real Truth, 575 F.3d at 346, nor demonstrates the requisite extraordinary circumstances, cf. Taylor, 34 F.3d at 268–269. Accordingly, the court DENIES these motions [D.E. 6, 16].

## Conclusion:

For the above reasons, the court: DENIES AS MOOT both the motion to proceed without prepayment of fees [D.E. 7] and that part of the motion seeking expedited review [D.E. 16]; DENIES the premature motions seeking service [D.E. 5] and to proceed to trial [D.E. 15]; DENIES the motions seeking preliminary injunctive relief [D.E. 6] and a TRO [D.E. 16]; ALLOWS the action to proceed against defendants; and DIRECTS the clerk to continue management of the case.

SO ORDERED this 16th day of January, 2026.

RICHARD E. MYERS II
Chief United States District Judge